### W. P. CALLEN v. J. R. BEVIL.

Decided June 10, 1909.

**Commissions—Agent.**

In an action to recover commission on sale of timber, evidence considered and held sufficient to sustain a finding by the jury that the agent was the procuring cause of the sale by the principal.

Appeal from the County Court of Tyler County. Tried below before Hon. A. G. Reid.

*Joe W. Thomas,* for appellant.

*Fleming & Fleming* and *Mooney & Mann,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against appellant to recover the sum of $241.25, alleged to be due as commissions for the sale of timber under a contract by which appellant employed appellee to find a purchaser for said timber, and to recover the further sum of $33 for cost of abstract and $10 for surveying the land on which said timber was situated, both of which sums, it is alleged, defendant agreed and promised to pay to plaintiff. The petition prays in the alternative for recovery on quantum meruit of the reasonable value of plaintiff's services in effecting the sale of the timber.

The defendant answered by general and special exceptions, general denial and special pleas in which it is averred in substance that plaintiff acted in bad faith and entered into a conspiracy with the agent of the purchaser of said timber for the purpose of procuring the sale of the timber by defendant at less than its value and thereby defrauding defendant, and that the sale of said timber was not procured by the plaintiff, but was made by the defendant after the termination of plaintiff's agency.

The trial in the court below by a jury resulted in a verdict and judgment in favor of the plaintiff for the amounts sued for.

The evidence sustains the following conclusions of fact: Plaintiff and defendant entered into a contract by which defendant employed plaintiff to sell the timber owned by defendant in the Turnbow league of land in Tyler County. This agreement was in substance that if plaintiff should procure a purchaser for said timber at a price satisfactory to defendant he would be paid by defendant a commission

of five percent of the amount for which the timber was sold. Acting under this agreement plaintiff tried to effect a sale to several persons; after negotiating for some time with Mr. J. S. Kirk he procured · an offer from him to buy the timber at $5.16 per acre. The defendant claimed to own 1100 acres of timber land in the league above mentioned. Kirk was unwilling to accept defendant's title to more than 600 acres, claiming that there was a conflict between land claimed by defendant and adjoining surveys and that defendant did not own more than 600 acres of timber. Defendant was satisfied with the price per acre offered for the timber, but would not sell on a basis of 600 acres. Owing to this disagreement as to the acreage the trade was pending for several months. The attorney employed by Kirk advised him that defendant did not have title to more than 636 acres of the land and Kirk declined to buy on the acreage basis claimed by defendant. Finally, plaintiff suggested to Mr. Meyers, an agent of Kirk, that he employ an experienced abstractor to examine the defendant's title and take the opinion of such abstractor as to the number of acres owned by defendant. This suggestion was acted on by Meyers, and upon the report of the abstractor employed at plaintiff's suggestion, which report showed title in defendant to 936 acres of the land, Meyers closed the trade with defendant on that basis, paying him the price per acre originally offered through plaintiff. Defendant was not informed as to plaintiff's continued activity in the matter of making the sale to Kirk at the time he closed the trade with Meyers, and plaintiff did not know of the sale until several weeks or a month thereafter. When defendant made the contract with plaintiff he reserved the right to sell the timber himself at any time.

The abstract was prepared at defendant's request and the survey of the land was made for his benefit, and the amounts claimed therefor by plaintiff were reasonable charges. While the negotiation with Kirk was pending plaintiff advised defendant to make the sale on the acreage basis contended for by the purchaser, believing at the time he so advised that the opinion of the attorney employed by Kirk to examine the abstract was correct as to the number of acres owned by the defendant. He did not claim to know what the acreage was, but thought as defendant was getting a good price per acre he had better accept Kirk's original offer.

As before stated, defendant claimed to have title to 1100 acres, and that was the number of acres of timber which plaintiff was authorized to sell.

It would serve no useful purpose to consider the several assignments of error in detail.

The charge given by the court only authorized a verdict for plaintiff upon a finding by the jury that he was the procuring cause of the sale, and the evidence amply sustains a verdict based on such finding.

The issue of bad faith on the part of the plaintiff was not raised by the evidence and the court properly refused to submit such issue to the jury. The issue of revocation of plaintiff's agency was sub-

mitted by special charges requested by the defendant and the verdict upon this issue is amply sustained by the evidence.

The record presents no error which would authorize a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*